**23SL-CC01029**

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

IN THE
CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| Daniel Human, individually and<br>on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| Vs. | ) | No. |
| | ) | COMPLAINT CLASS ACTION |
| Window Nation (St. Louis, MO)<br>1913 Belt Way Dr.<br>Overland, MO 63114; and | ) | |
| | ) | |
| Window Nation<br>8161 Maple Lawn Rd.<br>Fulton, MD 20759; and | ) | Jury Trial Demanded |
| | ) | |
| Aaron Magden, Owner/Founder<br>Window Nation<br>8161 Maple Lawn Rd.<br>Fulton, MD 20759; and | ) | |
| | ) | |
| Harley Magden, Owner/Founder<br>Window Nation<br>8161 Maple Lawn Rd.<br>Fulton, MD 20759; and | ) | |
| | ) | |
| Jeff Beck, Chief Operating Officer<br>Window Nation<br>8161 Maple Lawn Rd.<br>Fulton, MD 20759; and | ) | |
| | ) | |
| Lauren Tusi, V.P. Marketing<br>Windows Nation<br>8161 Maple Lawn Rd<br>Fulton, MD 20759; and | ) | |
| | ) | |
| Louis Apoldo, Senior V.P. Sales<br>Windows Nation<br>8161 Maple Lawn Rd<br>Fulton, MD 20759; and | ) | |
| | ) | |

1

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

Tessa "Doe", Telemarketer        )
Window Nation                    )
8161 Maple Lawn Rd.              )
Fulton, MD 20759; and            )
                                 )
Miranda "Doe", Telemarketer      )
Windows Nation                   )
8161 Maple Lawn Rd               )
Fulton, MD 20759; and            )
                                 )
Malcom "Doe"                     )
Windows Nation                   )
8161 Maple Lawn Rd               )
Fulton, MD 20759; and            )
                                 )
Marie "Doe"                      )
Windows Nation                   )
8161 Maple Lawn Rd               )
Fulton, MD 20759; and            )
                                 )
April "Doe"                      )
Windows Nation                   )
8161 Maple Lawn Rd               )
Fulton, MD 20759; and            )
                                 )
                 Defendants.     )

---

## COMPLAINT CLASS ACTION

---

Plaintiff Daniel A. Human ("Human" or "Plaintiff"), brings this complaint against Defendants Windows Nation, LLC, ("WNSTL") a Missouri Limited Liability company, Windows Nation, LLC, ("WN") a Maryland Corporation, Arron Magden, owner of Windows Nation, Harley Magden, Owner of Windows Nation, Jeff Beck, COO, Lauren Tusi, VP of Marketing, Louis Apoldo, Senior VP of Sales, Tessa "Doe", telemarketer, Malcolm "DOE", Miranda "DOE" telemarketer, Marie "DOE" telemarketer, and April "DOE" telemarketer (collectively,

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

"Defendants"). Plaintiff's allegations as to his own actions are based on personal knowledge. The other allegations are based on information and belief.

I.    <u>Preliminary Statement</u>

1.    Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption of phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6) and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.    "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.;* 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person 's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id* ...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643, 649-50 (4th Cir. 2019).

3.    The Plaintiff Daniel Human, alleges that Defendant's Window Nation ("WN"), Window Nation of St. Louis ("WNSTL") Aaron Magden ("Magden"), Harley Magden ("H.Magden"), Jeff Beck ("Beck"), Lauren Tusi ("Tusi"), Louis Apoldo ("Apoldo"), Tessa "Doe" ("T. Doe") a telemarketer, Miranda "Doe" ("M. Doe") a telemarketer, Malcolm "Doe" ("Malcolm Doe") a telemarketer, Marie "Doe" ("M.Doe") a telemarketer, April "Doe" ("A.Doe") a telemarketer, (hereinafter also collectively referred to as "Defendants"), made unsolicited telemarketing calls to his residential telephone number that is listed on the Missouri and National Do Not Call Registries.

4.    Defendants operate within the new and replacement window industry for consumers homes. A critical part of Defendant's business is generating qualified leads through telemarketing campaigns promoting leads and replacement window services. Defendants deliver these leads in real time (within 30 to 60 seconds) to marketing partners including Defendant's WN, WNSTL, Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe and their telemarketers, who then convert these leads into sales through their ATDS and Direct dialing partners.

5.    These practices violate the Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA"). The TCPA was enacted to protect consumers from intrusive automated telemarketing

4

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

practices like the robo, direct and ATDS calls made to Plaintiff and members of the Classes. By making these robocalls and ignoring the Missouri national Do-Not-Call registry, Defendants caused Plaintiff and members of the Classes actual harm, including the aggravation, nuisance, and invasion of privacy and right to seclusion that results from the receipt of unsolicited and harassing telephone calls.

6.      In response to Defendants' unsolicited telemarketing calls, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited telephone calling activities and an award of statutory damages and treble damages to the members of the Classes under the TCPA, the Missouri Merchandising Practices Act ("MMPA") and Missouri No Call ("MDNC") Registry Section 407 et seq., then together with costs and reasonable attorneys' fees.

7.      Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

8.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA, MDNC, and MMPA, and the fairness and efficiency goals of Missouri Supreme Court Rule 52.08 and Rule 23 of the Federal Rules of Civil Procedure.

II.     Parties

9.       Plaintiff Daniel Human (hereinafter referred to as "Plaintiff," "Dan," or "Mr. Human") is an individual residing in this District.

10.     Defendant's Windows Nation LLC St. Louis, and Windows Nation, LLC Maryland, is a marketing and construction company with its principal place of business at 8161

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

Maple Lawn Blvd., Fulton, MD 20759 (Window Nation St. Louis is located at 1913 Belt Way, Overland, MO 63114), that makes telemarketing calls, or employs its agents to make telemarketing calls into this District to people on the Missouri and federal do not call registries, just as it did with the Plaintiff.

11.    Defendant, Aaron Magden ("Magden") is the Owner/Founder of Window Nation, a Maryland Corporation with its principle office located at 8161 Maple Lawn Blvd., Fulton, MD 20759, and is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, and condone telemarketing calls being made from this District and to this District on behalf of the WN and WNSTL Defendants to phone numbers registered on the Missouri and federal do not call registries, just as it did with the Plaintiff.

12.    Defendant, Harley Magden ("H. Magden") is the Owner/Founder of Window Nation, a Maryland Corporation with its principle office located at 8161 Maple Lawn Blvd., Fulton, MD 20759, and is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, and condone telemarketing calls being made from this District and to this District on behalf of the WN and WNSTL Defendants to phone numbers registered on the federal do not call registry, just as it did with the Plaintiff.

13.    Defendant, Jeff Beck ("Beck") is the Chief Operating Officer of Window Nation, a Maryland Corporation with its principle office located at 8161 Maple Lawn Blvd., Fulton, MD 20759, and is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, and condone telemarketing calls being made from this District and to this District on behalf of the WN and WNSTL

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

Defendants to phone numbers registered on the federal do not call registry, just as it did with the Plaintiff.

14.     Defendant, Lauren Tusi ("Tusi") is the Senior V.P. of Marketing for Defendant Window Nation, a Maryland Corporation, with its principal off located at 8161 Maple Lawn, Fulton Md. 20759, and is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, and condone telemarketing calls being made from this District and to this District on behalf of the WN Defendant, to phone numbers registered on the Missouri and federal do not call registry, just as it did with the Plaintiff.

15.     Defendant, Louis Apoldo ("Apoldo") is the Senior V.P. of Sales at Window Nation, a Maryland Corporation, with its principal location at 8161 Maple Lawn Blvd., Fulton, MD, 20759 and is directly responsible for the promulgation and enforcement of corporate policies that encourage, entice and condone telemarketing calls being made on behalf of the WN and WNSTL Defendants to people listed on federal do not call list in violation of Federal and State law from the District and into this District just as it did with the Plaintiff.

16.     Defendant, Tessa "Doe" ("T. Doe") the telemarketer is an employee, agent, or vendor of WN and WNSTL, and according to the corporate policies and procedure set forth, controlled, and sanctioned by other Corporate Defendants and WN and WNSTL, makes illegal telemarketing calls on behalf of the other defendants to people listed on federal do not call list in violation of Federal and State law, just as they did with Plaintiff.

17.     Defendant, Miranda "Doe" ("M. Doe") the telemarketer is an employee, agent, or vendor of Defendant's WN and WNSTL, and according to the corporate policies and procedure

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

set forth, controlled, and sanctioned by other Corporate Defendants and WN and WNSTL, makes illegal telemarketing calls on behalf of the other defendants to people listed on Missouri and federal do not call list in violation of Federal and State law, just as they did with Plaintiff.

18.     Defendant, Malcolm "Doe" ("Malcolm Doe") the telemarketer is an employee, agent, or vendor of WNSTL and WN, and according to the corporate policies and procedure set forth, controlled, and sanctioned by other Corporate Defendants and WNSTL and WN, makes illegal telemarketing calls on behalf of the other defendants to people listed on the Missouri and federal do not call list in violation of Federal and State law, just as they did with Plaintiff.

19.     Defendant, Marie "Doe" ("M. Doe") the telemarketer is an employee, agent, or vendor of WN and according to the corporate policies and procedure set forth, controlled, and sanctioned by other Corporate Defendants and WN, makes illegal telemarketing calls on behalf of the other defendants to people listed on Missouri and federal do not call lists in violation of Federal and State law, just as they did with Plaintiff.

20.     Defendant, April "Doe" ("A. Doe") the telemarketer is an employee, agent, or vendor of WNSTL and WN, and according to the corporate policies and procedure set forth, controlled, and sanctioned by other Corporate Defendants and WN and WNSTL, makes illegal telemarketing calls on behalf of the other defendants to people listed on Missouri and federal do not call lists in violation of Federal and State law, just as they did with Plaintiff.

### Jurisdiction and Venue

21.     This Court has jurisdiction for violations of the Missouri do not call registries and the Missouri Merchandising Practices Act ("MMPA") under Chapter 407.010 et seq. RSMo.

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

in accord with 28 U.S.C. 1367. For the reasons stated in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Court has federal subject matter jurisdiction under 47 U.S.C. § 227

22.    The Court has personal jurisdiction over Defendants' because Defendants' principal place of business is within this District and Defendants conduct significant business transactions within this District, as well as make prohibited phone calls into this District, as they did repeatedly with the Plaintiff.

23.    Venue is also proper before this Court  and concurrently under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside in this District and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

24.    All allegations in this complaint are based on information and belief and/or the documents and information currently available, and are such that additional evidentiary support and detail will be forthcoming after a reasonable opportunity for further investigation or discovery.

**Intradistrict Assignment**

25.    A substantial part of the events which give rise to the claim occurred in St. Louis County, Missouri. Therefore, under Local Rule, this civil action should be assigned to the Circuit Court of St. Louis County, or alternatively, if removed by the Defendants, to the St. Louis Division of the United States District Court for the Eastern District of Missouri.

TCPA Background

26.     In 1991 Congress enacted the TCPA to regulate explosive growth of the telemarketing industry. In so doing, Congress recognized that "[un]restricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. 102-243 § 2(5) (1991) (codified at 47 U.S.C. §227).

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

27.    The National Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.P.R.§ 64.1200(c)(2).

28.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

29.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. 227(c) (5); 47 C.F.R. 64.1200 (c)(2). Damages under the code are up to $6,000 per call or text.

**THE MISSOURI NO-CALL LAW**

30.    Similarly, the Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1, which is to be construed in *pari materia*, provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

31.    A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

32.    A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

33.     The Defendant's calls to a telephone subscriber on the Missouri and Federal Do Not Call Lists is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return. Defendants' practice effectively forced Plaintiff to listen to Defendants' advertising campaign.

34.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

35.     The Defendant's actions prevented the Plaintiff's telephone from being used for other purposes during the time the Defendants were occupying the Plaintiff's telephone for Defendants' unlawful purpose.

36.     Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

**THE MISSOURI TELEMARKETING LAW**

37.     Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3)     Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

(4)     Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

38.     MO Rev. 407.1104 provides in pertinent part:

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

     1.     Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

     2.     No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

III.     Factual Allegations

39.     Defendant's WNSTL and WN sells and brokers window replacement and construction, where it offers to install and finance window replacement and other construction amenities.

40.     To generate leads, WNSTL and WN and its officers, agents and vendors make robotically and ATDS generated telemarketing calls to consumers from unsubscribed leads purchased or provided by WN, and who never consented to receive their calls.

41.     Plaintiff is and was at all times mentioned herein, a "person" as defined by 47 U.S.C. §153(39).

42.     Plaintiffs telephone number (the "Number"), 314-915-XXXX, is on the Missouri do not call list, and has been on continuously on the National Do Not Call Registry since June of 2022.

43.     Despite this, the Defendants placed more than twelve telemarketing calls/texts to Mr. Human in January of 2023 from 314-279-8249, a telephone number registered to Defendant WN and/or its local subsidiary WNSTL.

44.     Plaintiff received the following illegal telemarketing calls:

a.     1/11/2023     Tessa     7:45 pm

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

| | | | |
|---|---|---|---|
| b. | 1/12/2023 | Tessa | 10:17 am |
| c. | 1/12/2023 | Miranda | 10:32 am |
| d. | 1/12/2023 | Malcolm | 6:36 pm |
| e. | 1/13/2023 | Tessa | 6:44 pm |
| f. | 1/13/2023 | Tessa | 8:11 pm |
| g. | 1/14/2023 | Marie | 10:28 am |
| h. | 1/14/23 | Malcolm | 12:37 pm |
| i. | 1/14/2023 | Marie | 2:45 pm |
| j. | 1/14/2023 | Tessa | 8:58 pm |
| k. | 1/15/2023 | April | 8:57 am |
| l. | 1/15/2023 | April | 9:57 am |
| m. | 1/16/2023 | Krista | 7:45 am |
| n. | 1/16/2023 | Marie | 9:52 am |
| o. | 1/16/2023 | Tessa | 12:13 pm |
| p. | 1/16/2023 | Marie | 2:35 pm |
| q. | 1/16/2023 | Marie | 2:56 pm |

45.    Despite the fact that he told the Defendants WN, WNSTL, Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe, he did not want to talk to them and repeatedly hung up on Defendants, WN, WNSTL, Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe continued to redial his number and made more than eleven additional telemarketing calls/texts to the Plaintiff during January 2023. Each call was identified on Plaintiff's cell phone as "Window Nation".

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

46.    During these calls/texts WN, WNSTL, Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe identified themselves as set forth supra, and solicited Mr. Human to buy a window replacements.

47.    The Plaintiff did not respond to the calls or otherwise encourage the telemarketers as they were made during plaintiff's work schedule and/or during family time, including weekends.

48.    Despite that, and the fact that he was on the National Do Not Call Registry, these unsolicited calls and texts continued and during all of these calls, there was a significant pause before Defendants' representative started speaking, which is a telltale sign that Defendants used a predictive dialer to make the call:

> Predictive dialers initiate phone calls while telemarketers are talking to other consumers . . . In attempting to "predict" the average time it takes for a consumer to answer the phone and when a telemarketer will be free to take the next call, predictive dialers may either "hang-up" on consumers or keep the consumer on hold until connecting the call to a sales representative, resulting in what has been referred to as "dead air."

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 Report and Order*, CG Docket No. 02-278, FCC 03-153, ¶ 146, 18 FCC Rcd. 14014, 14101, 2003 WL 21517853, *51 (July 3, 2003), *available at* http://hraunfoss.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf ("*2003 Report and Order*").

49.    The Defendants placed many of the calls alleged in this complaint with one or more predictive dialers. Predictive dialers constitute an automatic telephone dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator.

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

Further, no human manually entered Plaintiff and Class members' cellular telephone number when Defendants made the calls and texts recited above. Rather, the predictive dialer(s) electronically dialed Plaintiff and Class members' cellular telephones in an automated fashion. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

50.    Plaintiffs' privacy rights and right to seclusion has been deliberately violated by the above-described telemarketing calls and none of the telephone calls alleged in this complaint constituted calls for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

51.    The Plaintiff never provided his written consent or requested these calls.

52.    Plaintiff and all members of the classes were injured by Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe's unsolicited telemarketing calls, because their privacy and right to seclusion has been violated, and they were annoyed and harassed.

53.    Additionally, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## The Missouri Merchandising Practices Act

54.    The Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

55.    Section 407.020, RSMo provides in pertinent part:

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in **or from** the state of Missouri, is declared to be an unlawful practice…

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement, or solicitation.

56.    Section 407.025.1 provides in pertinent part:

Any person who purchases or leases merchandise primarily for any personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020 may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

57.    Section 407.010(4) defines "merchandise" as any objects, wares, goods, commodities intangibles, real estate, or services. This definition of merchandise includes window replacements as advertised and sold by Defendant's WN, WNSTL, Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe and their subsidiaries, agents, employees and vendors.

58.    Pursuant to authority granted it in §407.145, the Attorney General has promulgated rules explaining and defining terms utilized in §407.020 of the Merchandising Practices Act. Said rules are contained in the Missouri Code of State (hereinafter "CSR"). The rules relevant to the Merchandising Practices Act allegations herein include, but are not limited to, the provisions of the CSR.

59.    15 CSR 60-8.010 provides the following definitions:

(1)(B) Consumer shall include any person (as defined in section 407.010.5RSMo) who purchases, may purchase, or is solicited for purchase of merchandise. (1)(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade. 15 CSR 60-8.020 provides that:

An unfair practice is any practice which-

16

(A) Either-

1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or

2. Is unethical, oppressive, or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

60.    15 CSR 60-8.040 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

61.    15 CSR 60-8.090 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to engage in any method, use or practice which-
      (A) Violates state or federal law intended to protect the public; and
      (B) Presents a risk of, or causes substantial injury to consumers.

62.    15 CSR 60-9.010 provides that:

(1)(C) Material fact is any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would belikely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner.

63.    15 CSR 60-9.020 provides that:

(1) Deception is any method, act, use, practice, advertisement or solicitation that has the tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression.

(2) Reliance, actual deception, knowledge of deception, intent to mislead or deceive, or any other culpable, mental state such as recklessness or negligence are not elements of deception as used in section 407.020.1, RSMo… <u>Deception may occur in securing the first contact with a consumer and is not cured even though the true facts or nature of the advertisement of offer for sale are subsequently disclosed.</u>

(1)(B) Consumer shall include any person (as defined in section 407.010.5RSMo) who purchases, may purchase, or is solicited for purchase of merchandise. (1)(E) Good faith

shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade. 15 CSR 60-8.020 provides that:

An unfair practice is any practice which-

(A) Either-

1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or

2. Is unethical, oppressive, or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers

(1)(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade. 15 CSR 60-8.020 provides that:

64.     15 CSR 60-8.040 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

65.     15CSR 60-9.030 provides that:

(1) It is deception for any person in any advertisement or sales presentation to use any format which because of its overall appearance had the tendency or capacity to mislead consumers.

66.     15 CSR 60-9.060 provides that:

(1) False promise is any statement or representation which is false or misleading as the maker's intention or ability to perform a promise, or likelihood the promise will be performed.
(2) Reliance and injury are not elements of false promise as used in section 407.20.1, RSMo.

67.     15 CSR 60-9.070 provides that:

(1) A misrepresentation is an assertion that is not in accord with the facts.
(2) Reliance, knowledge that the assertion is false or misleading, intent to defraud, intent that the consumer rely upon the assertion, or any other culpable [capable in origin] mental state such a recklessness or negligence, are not elements of misrepresentation as used in section 407.020.1.

68.    15 CSR 60-9.080 provides that:

(1) It is a misrepresentation for any person in connection with the advertisement or sale of merchandise to omit to state a material fact necessary in order to make statements made in light of the circumstances under which they are made, not misleading.

69.    15 CSR 60-9.110 provides that:

(1) Concealment of a material fact is any method, act, use or practice which operates to hide or keep material facts from consumers.
(2) Suppression of a material fact is any method, act, use of practice which is likely to curtail or reduce the ability of consumers to take notice of material facts which are stated.
(3) Omission of a material fact is any failure by a person to disclose material facts know to him/her, or upon reasonable inquiry would be known to him/her.
(4) Reliance and intent that others rely upon such concealment, suppression or omission are not elements of concealment, suppression or omission as used in section 407.020.1.

70.    Pursuant to § 407.020 RSMo (Merchandising Practices Act), it is an unlawful practice to use deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

71.    Defendant Defendant's WN, WNSTL,  Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe, by and through its employees and agents, used deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or concealed, suppressed, or omitted a material fact in connection with the unwanted solicitations made to his number listed on the do not call registry and mortgage loan sales and service by engaging in the following:

a.    Defendant's WN, WNSTL,  Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe, their employees, agents, vendors and other unknown telemarketers acting on their behalf, by and through the aid and assistance auto dialers and robo calling practices had a meeting of minds that they would call persons listed on the no call list in violation of the federal and state law, regardless of their

19

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

knowingly illegal nature with the specific intent to deceive persons on the no call list to believe that they would not receive telemarketing calls.

     b.    By falsely and deceptively spoofing their phone number with a local St. Louis area code to trick and deceive the Plaintiff and class members into answering the calls because they would assume they were local, legitimate communication, where in reality they were illegal telemarketing calls in violation of federal and state law.[1]

     c.    By then committing the overt act of calling class members who had previously sought protection under federal and state law from Defendant's WN, WNSTL, Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe, illegal telemarketing calls.

     d.    By then having a meeting of the minds and agreeing to illegally provide Plaintiffs phone number, thereafter, providing Plaintiff's restricted cell phone number to several other telemarketers and selling the phone number so additional conspirators and telemarketers could illegally call Plaintiff's phone, clearly registered on the no call list, although Plaintiff did not have a relationship with those Defendants and conspirators and did not provide them with written permission to call him

---

[1] Telemarketers cause a local number to appear on the recipients' caller ID in order to deceptively increase the likelihood that the recipient will pick up the call. For example, Velocify, offers automated outbound dialer software that gives users the ability to "[o]perate like a local business and boost contact rates by calling prospects from their own area code." *See* http://pages.velocify.com/rs/522-DJL-243/images/velocify-pulsecommunication. This is clearly deceptive marketing practices.

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

e.    The badgering of the Plaintiff with myriad unwanted telemarketer solicitations by phone and text to purchase replacement windows, when all he sought, and believed he would receive, was an anonymity, privacy and his right to seclusion.

f.    As a direct result of the unfair and fraudulent practices of Defendants WN, WNSTL, Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe, their agents, vendors and other unknown telemarketers on their behalf, Plaintiff has suffered harassment, humiliation, loss of sleep, depression, mental fatigue, a reprimand from his employer and loss of thousands of dollars in bonus opportunities, injuries to his privacy rights, right to seclusion, his mental health and wellbeing, and other damages, warranting treble and punitive damages.

g.    By "spoofing" area codes to show as a local area code to increase the likelihood that the Plaintiff would believe that it was a local call for legitimate purposes, instead of an unsolicited marketing or solicitation call from Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe and its employees, vendors and/or agents by and through the aid and assistance of the robo-call and ATDS dialing systems.

h.    As a direct result of the deceptions, false pretense, misrepresentation, unfair and fraudulent practices, concealment, and omission of these material facts  and deliberate violation of Missouri and Federal Public Policy by Defendant's WN, WNSTL,  Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe  and its employees, vendors and/or agents and other unknown telemarketers on their behalf, by and through the aid and assistance of direct dialing systems, including text messages, the Plaintiff has suffered continuing harassment, humiliation, loss of sleep,

21

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

depression, mental fatigue, a reprimand from his employer and loss of thousands of dollars in bonus opportunities, injuries to his privacy rights, rights to seclusion, his mental health and wellbeing, severe stomach pain, chest pain, elevation of his blood pressure to dangerous levels, and other damages, warranting treble and punitive damages.

## **Class Action Allegations**

72.    Class Definition: Plaintiff seeks to certify a class and brings this Complaint against the Defendants, pursuant to Missouri Rules of Court 52.08 and Federal Rule of Civil Procedure 23, on behalf of himself and the following Classes:

**Robocall Class and Automatic Telephone Dialing System Class:**

All persons in the United States who received any unsolicited telephone calls from Defendants or their agents on their cellular phone service through the use of any automatic telephone dialing system or artificial or pre-recorded voice system, which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint.

**Do Not Call Class ("DNC Class")**:
All persons in the United States (1) who had his or her telephone number(s) registered with the national Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendants that promoted products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of Written consent to place such calls to him or her.

**Missouri Do Not Call Class ("MDNC Class")**:
All persons in the State of Missouri (1) who had his or her telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call or text made by or on behalf of Defendants that promoted services or products; (3) within a 12-month period; and (4) for whom Defendants had no current record of written consent to place such calls to him or her.

These will be considered the classes.

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

73.     Excluded from the Class are counsel, the Defendants, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

74.     The Class as defined above are identifiable through phone records and phone number databases.

75.     The potential members of the Class number at least in the thousands.

76.     Individual joinder of these persons is impracticable.

77.     Plaintiff is a member of the Class.

78.     There are questions of law and fact common to Plaintiff and the proposed Class, including, but not limited to the following:

     a.     Whether Defendants used an "automatic telephone dialing system" or "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

     b.     Whether Defendants had written prior express written consent to call Class members;

     c.     Whether Defendants systematically made telephone calls to members of the DNC and MDNC Classes whose telephone numbers were registered with the Missouri and national Do-Not-Call registries;

     d.     Whether Defendants systematically made telephone calls to members of the MDNC and DNC Classes where Defendants did not have a current record of consent to make such telephone calls;

     e.     Whether Plaintiff and Class Members are entitled to damages, including

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

whether Defendants' violations were performed willfully or knowingly

such that Plaintiff and Class Members are entitled to treble damages under the MDNC,

DNC, and MMPA; and

       f.      Whether Plaintiff and Class Members are entitled to injunctive relief for

violations of their privacy and attorney's fees and costs.

79.      The Plaintiffs claims are typical of the claims of members of the Class.

80.      Plaintiff is an adequate representative of the Class because his interests do not

conflict with the interests of the Class, he will fairly and adequately protect the interests of

the Class, and he has employed attorneys experienced in class actions, including TCPA,

MDNC, and MMPA class actions.

81.      Predominance and Superiority: The Classes alleged in this Complaint are

appropriate for certification because class proceedings are superior to all other available methods

for the fair and efficient adjudication of this controversy, since joinder of all members is

impracticable. The damages suffered by each individual member of the Classes will likely be

relatively small, especially given the burden and expense of individual prosecution of the

complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class

members to individually obtain effective relief from Defendants' misconduct. Even if Class

members themselves could sustain such individual litigation, it would still not be preferable to a

class action, because individual litigation would increase the delay and expense to all parties due

to the complex legal and factual controversies presented in this Complaint. By contrast, class

actions present far fewer management difficulties and provide the benefits of single adjudication,

economy of scale, and comprehensive supervision by a single Court. Economies of time, effort,

and expense will be fostered, and uniformity of decisions will be ensured.

Count I

Telephone Consumer Protection Act (Violations of 47 U.S.C. § 227)
(On behalf of Plaintiff and the National Do Not Call Registry)

82.    The Plaintiff repeats the prior allegations of this Complaint and incorporates them herein by reference.

83.    The foregoing acts and omissions of Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe , and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

84.    The Defendants violations were negligent, willful, or knowing.

85.    As a result of Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations' of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $1,500 in damages for every call made, and treble damages of $5,000.00 per call and text.

86.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

Prayer for Relief

**WHEREFORE**, Plaintiff individually and on behalf of the Class, prays for the following relief against Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf:

    a.    Certification of the proposed Class;

    b.    Appointment of the Plaintiff as a representative of the Class.

    c.    Appointment of Class Counsel, if the Court deems necessary.

    d.    A declaration that the Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe, and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA, and that the Plaintiff be awarded $6,500.00 per call from the Defendants

    e.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant's WN, WNSTL,  Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe, and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf from making calls, except for emergency purposes, to any residential number listed on the Missouri and National Do Not Call Registries in the future.

    f.    An award to Plaintiff and the Class of damages, as allowed by law; including treble damages; and

    g.    Orders granting such other and further relief as the Court deems just, proper, and equitable in the circumstances.

**Count II**
**Violation of the TCPA Against All Defendants**
**by Plaintiff Individually and on Behalf of the Robocall and ATDS Classes**

    87.    Plaintiff hereby incorporates by reference the allegations contained in all

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and the members of the Robocall and ATDS Class.

88.     The TCPA prohibits certain uses of telecommunication equipment that would interfere with telephone service subscribers' privacy and/or property rights with respect to their telephone. In particular, the TCPA provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a . . . cellular telephone service . . .
> 47 U.S.C. § 27(b)(1)(A).

89.     The TCPA provides telephone service subscribers a private right of action for injunctive relief and statutory damages for violations:

> A person or entity may . . . bring . . . an action based on a violation of [47 U.S.C. § 227(b)] to enjoin such a violation, an action to recovery for actual monetary loss from such a violation, or to receive $1,500 in damages for each such violation, whichever is greater, or both . . . If the court finds that the defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the [statutory damages available above].
> 47 U.S.C. § 227(b)(3).

90.     Defendants make outgoing calls to consumers and others in the regular course of their business. Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe, called Plaintiff and Class members' cellular telephone numbers listed on the do not call registry.

91.     Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe, placed calls to Plaintiff and Class members using predictive dialers. The predictive dialers are an automatic telephone dialing system; no human manually

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

entered the cellular telephone numbers which Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe, called at the time the calls were made. Rather, the predictive dialers electronically dialed the Class members' cellular telephones in an automated fashion. The predictive dialers are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

92.    Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe, also utilized artificial and/or prerecorded voice calls to call the cellular telephones of Plaintiff and Class Members.

93.    Defendant's WN, WNSTL,  Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe, do not and did not obtain legally effective prior express consent to call the Class members' cellular telephone numbers.

94.    Defendant's WN, WNSTL,  Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe, violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff and the other members of the Class that were automatically dialed by Defendants' telephone system and/or used an artificial or prerecorded voice or stored his phone number for predictive dialing; made to a cellular telephone number; and not as the result of the Class member's transaction with Defendants or its agents.

95.    Defendant's WN, WNSTL,  Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe, violations are willful because Defendant's knew that Plaintiff and members of the Class had not given prior express consent to receive calls made

using an automatic telephone dialing system, artificial, and/or prerecorded voice and that Defendants used these methods to call the cell phones of Plaintiff and Class members.

96.    Plaintiff, on his own behalf, and on behalf of the other members of the Robocall and ATDS Class, seeks to recover statutory damages (including treble damages for willful violation of the TCPA), as well as injunctive and equitable relief under 47 U.S.C. § 227(b)(3), against Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe.

97.    Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff is therefore entitled to an award of attorneys' fees under the Missouri Merchandising Practices Act for bringing this action.

WHEREFORE, Plaintiff prays that the Court enter judgment and orders in his favor and against Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe, and their agents, employees and vendors as follows:

a.    An order certifying the classes, directing that this case proceed as a class action, and appointing Plaintiff and his counsel to represent the classes;

b.    Judgment against Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe, and in favor of Plaintiff and the other class members in the amount of $1,500 per violation of the TCPA as proven at trial, and $50,000.00 per call as treble damages;

c.    Equitable and injunctive relief, including injunctions enjoining further violations of the TCPA;

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

d.      An order granting costs and attorneys' fees; and

e.      Such other and further relief as this Court may deem appropriate.

**Count III**
**VIOLATION OF THE MISSOURI MERCHANDISING**
**PRACTICES ACT**

***COMES NOW*** Plaintiff and for his third cause of action against Defendant's WN,

WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe,

and its employees and/or agents their agents, vendors and other unknown telemarketers on their

behalf, states:

98.     Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

99.     Section 407.020, RSMo provides in pertinent part:

The act, use or employment by any person of any deception, fraud, false pretense, false
promise, misrepresentation, unfair practice or the concealment, suppression, or omission
of any material fact in connection with the sale or advertisement of any merchandise in
trade or commerce or the solicitation of any funds for any charitable purpose, as defined in
section 407.453, in **or from** the state of Missouri, is declared to be an unlawful practice...
Any act, use or employment declared unlawful by this subsection violates this subsection
whether committed before, during or after the sale, advertisement, or solicitation.

100.    Section 407.025.1 provides in pertinent part:

Any person who purchases or leases merchandise primarily for any personal, family or
household purposes and thereby suffers an ascertainable loss of money or property, real or
personal, as a result of the use or employment by another person of a method, act or practice
declared unlawful by section 407.020 may bring a  private civil action in either the circuit
court of the county in which the seller or lessor resides or in which the transaction
complained of took place, to recover actual damages. The court may, in its discretion,
award punitive damages and may award to the prevailing part attorney's fees, based on the
amount of time reasonably expended, and may provide such equitable relief as it deems
necessary or proper.

101.    Section 407.010(4) defines "merchandise" as any objects, wares, goods,

commodities intangibles, real estate, or services. This definition of merchandise includes window

replacements as advertised and sold by Defendant's WN, WNSTL, Magden, H. Magden, Beck,

30

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe and their subsidiaries, agents, employees and vendors.

102.    Pursuant to authority granted it in §407.145, the Attorney General has promulgated rules explaining and defining terms utilized in §407.020 of the Merchandising Practices Act. Said rules are contained in the Missouri Code of State (hereinafter "CSR"). The rules relevant to the Merchandising Practices Act allegations herein include, but are not limited to, the provisions of the CSR.

103.    15 CSR 60-8.010 provides the following definitions:

(1)(B) Consumer shall include any person (as defined in section 407.010.5RSMo) who purchases, may purchase, or is solicited for purchase of merchandise. (1)(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade. 15 CSR 60-8.020 provides that:

An unfair practice is any practice which-

(A) Either-

1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or

2. Is unethical, oppressive, or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

104.    15 CSR 60-8.040 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

105.    15 CSR 60-8.090 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to engage in any method, use or practice which-

(A) Violates state or federal law intended to protect the public; and
(B) Presents a risk of or causes substantial injury to consumers.

106.    15 CSR 60-9.010 provides that:

(1)(C) Material fact is any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would belikely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner.

107.    15 CSR 60-9.020 provides that:

(1) Deception is any method, act, use, practice, advertisement or solicitation that has the tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression.

(2) Reliance, actual deception, knowledge of deception, intent to mislead or deceive, or any other culpable, mental state such as recklessness or negligence are not elements of deception as used in section 407.020.1, RSMo… Deception may occur in securing the first contact with a consumer and is not cured even though the true facts or nature of the advertisement of offer for sale are subsequently disclosed.

(1)(B) Consumer shall include any person (as defined in section 407.010.5RSMo) who purchases, may purchase, or is solicited for purchase of merchandise. (1)(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade. 15 CSR 60-8.020 provides that:

An unfair practice is any practice which-

(A) Either-

1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or

2. Is unethical, oppressive, or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers

(1)(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade. 15 CSR 60-8.020 provides that:

108.    15 CSR 60-8.040 provides that:

(1) It is an unfair practice for any person in connection with the advertisement

32

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

109.    15CSR 60-9.030 provides that:

(1) It is deception for any person in any advertisement or sales presentation to use any format which because of its overall appearance had the tendency or capacity to mislead consumers.

110.    15 CSR 60-9.060 provides that:

(1) False promise is any statement or representation which is false or misleading as the maker's intention or ability to perform a promise, or likelihood the promise will be performed.
(2) Reliance and injury are not elements of false promise as used in section 407.20.1, RSMo.

111.    15 CSR 60-9.070 provides that:

(1) A misrepresentation is an assertion that is not in accord with the facts.
(2) Reliance, knowledge that the assertion is false or misleading, intent to defraud, intent that the consumer rely upon the assertion, or any other culpable [capable in origin] mental state such a recklessness or negligence, are not elements of misrepresentation as used in section 407.020.1.

112.    15 CSR 60-9.080 provides that:

(1) It is a misrepresentation for any person in connection with the advertisement or sale of merchandise to omit to state a material fact necessary in order to make statements made in light of the circumstances under which they are made, not misleading.

113.    15 CSR 60-9.110 provides that:

(1) Concealment of a material fact is any method, act, use or practice which operates to hide or keep material facts from consumers.
(2) Suppression of a material fact is any method, act, use of practice which is likely to curtail or reduce the ability of consumers to take notice of material facts which are stated.
(3) Omission of a material fact is any failure by a person to disclose material facts know to him/her, or upon reasonable inquiry would be known to him/her.
(4) Reliance and intent that others rely upon such concealment, suppression or omission are not elements of concealment, suppression or omission as used in section 407.020.1.

114.    Pursuant to § 407.020 RSMo (Merchandising Practices Act), it is an unlawful

practice to use deception, fraud, false pretense, false promise, misrepresentation, or unfair practice,

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

115.    Defendant Defendant's WN, WNSTL,  Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe, by and through its employees and agents, used deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or concealed, suppressed, or omitted a material fact in connection with the unwanted solicitations made to his number listed on the do not call registry and mortgage loan sales and service by engaging in the following:

a.    Defendant's WN, WNSTL,  Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe, their employees, agents, vendors and other unknown telemarketers acting on their behalf, by and through the aid and assistance auto dialers and robo calling practices had a meeting of minds that they would call persons listed on the no call list in violation of the federal and state law, regardless of their knowingly illegal nature with the specific intent to deceive persons on the no call list to believe that they would not receive telemarketing calls.

b.    By falsely and deceptively spoofing their phone number with a local St. Louis area code to trick and deceive the Plaintiff and class members into answering the calls because they would assume they were local, legitimate communication, where in reality they were illegal telemarketing calls in violation of federal and state law.

c.    By then committing the overt act of calling class members who had previously sought protection under federal and state law from Defendant's WN,

34

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

WNSTL, Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe, illegal telemarketing calls.

      d.    By then having a meeting of the minds and agreeing to illegally provide Plaintiffs phone number, thereafter, providing Plaintiff's restricted cell phone number to several other telemarketers and selling the phone number so additional conspirators and telemarketers could illegally call Plaintiff's phone, clearly registered on the no call list, although Plaintiff did not have a relationship with those Defendants and conspirators and did not provide them with written permission to call him

      e.    The badgering of the Plaintiff with myriad unwanted telemarketer solicitations by phone and text to purchase replacement windows, when all he sought, and believed he would receive, was an anonymity, privacy and his right to seclusion.

      f.    As a direct result of the unfair and fraudulent practices of Defendant's WN, WNSTL, Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe, their agents, vendors and other unknown telemarketers on their behalf, Plaintiff has suffered harassment, humiliation, loss of sleep, depression, mental fatigue, a reprimand from his employer and loss of thousands of dollars in bonus opportunities, injuries to his privacy rights, right to seclusion, his mental health and wellbeing, and other damages, warranting treble and punitive damages.

      g.    By "spoofing" area codes to show as a local area code to increase the likelihood that the Plaintiff would believe that it was a local call for legitimate purposes, instead of an unsolicited marketing or solicitation call from Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

and its employees, vendors and/or agents by and through the aid and assistance of the robo-call and ATDS dialing systems.

        h.    As a direct result of the deceptions, false pretense, misrepresentation, unfair and fraudulent practices, concealment, and omission of these material facts  and deliberate violation of Missouri and Federal Public Policy by Defendant's WN, WNSTL,  Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe  and its employees, vendors and/or agents and other unknown telemarketers on their behalf, by and through the aid and assistance of direct dialing systems, including text messages, the Plaintiff has suffered continuing harassment, humiliation, loss of sleep, depression, mental fatigue, a reprimand from his employer and loss of thousands of dollars in bonus opportunities, injuries to his privacy rights, rights to seclusion, his mental health and wellbeing, severe stomach pain, chest pain, elevation of his blood pressure to dangerous levels, and other damages, warranting treble and punitive damages.

116.    Plaintiff registered his number on the no call list to protect his privacy and solace, and for that of his family and Defendant's WN, WNSTL,  Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe  and its employees and/or agents, by and through its employees, agents and vendors have deliberately, repeatedly and deceptively invaded the province of and violated his right to privacy and seclusion.

117.    Defendant's WN, WNSTL, Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe , and its employees and/or agents, by and through its employees and agents, actions constitute a pattern and practice of deceptive and unfair conduct. Defendants' tactics were designed to exploit consumer fears, violate federal and state law, and to deceptively uncover consumers private information so the Defendants could conduct unwanted

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

and unwarranted solicitation calls and induce consumers to provide substantial payments for Defendant's services.

118.    Section 407.025 RSMO gives the Plaintiff the right to recover actual damages, Punitive damages, and reasonable attorney's fees and costs.

119.    As a result of Defendant's WN, WNSTL, Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe and its employees and/or agents, by and through its employees, agents and vendors use of fraud, deception, false pretense, false promise, misrepresentation, or unfair practice, and/or of Defendant's concealment, suppression, or omission of a material fact in connection with its sale of the services, and number spoofing, Plaintiff has suffered an ascertainable loss of money or property, and privacy in an amount greater than $75,000.00.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant's WN, WNSTL, Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe its employees and/or agents and vendors, awarding him actual damages that is fair and reasonable, plus punitive damages in an amount that will fairly and reasonably punish each Defendant for their deliberate misconduct, joint and several, and be expected to deter others, reasonable attorney's fees and costs, and such further relief this Court deems just and proper.

### COUNT IV
### Violations of the MDNC Against All Defendants
### by Plaintiff Individually and on Behalf of the MDNC Class

120.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and members of the Missouri Do Not Call Registry Class.

121.    The Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1, provides:

37

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

122.    A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

123.    A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

124.    Defendant's WN, WNSTL,  Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe and its employees, vendors and/or agents and other unknown telemarketers on their behalf calls to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return. Defendants' practice effectively forced Plaintiff to listen to Defendants' advertising campaign.

125.     Defendant's WN, WNSTL,  Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe and its employees, vendors and/or agents and other unknown telemarketers on their behalf violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

126.     Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe and its employees, vendors and/or agents and other unknown

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

telemarketers on their behalf actions prevented the Plaintiff's telephone from being used for other purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

127.    Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

128.    Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3)    Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

(4)    Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

129.    MO Rev. 407.1104 provides in pertinent part:

1.    Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2.    No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

130.    Defendants WN, WNSTL,  Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe and its employees, vendors and/or agents and other unknown telemarketers on their behalf violated Mo. Rev. Stat. § 407.1001 et seq. by initiating telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the Missouri Do-Not-Call

registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the Missouri and federal government.

131.    These individuals requested not to receive calls from Defendants WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe, vendors and/or agents and other unknown telemarketers on their behalf, as set forth in Mo. Rev. Stat. § 407.1076.

132.    Defendants WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe and its employees, vendors and/or agents and other unknown telemarketers on their behalf made more than sixteen (16)  unsolicited telephone calls to Plaintiff and members of the Class without their prior express written consent to receive such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendants and/or Defendants do not have a current record of consent to place telemarketing calls to them.

133.    Defendants WN, WNSTL,  Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe and its employees, vendors and/or agents and other unknown telemarketers on their behalf violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call within a 12-month period made by or on behalf of the Defendants in violation of Mo. Rev. Stat. § 407.1076, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section Mo. Rev. Stat. § 407.1076, are each entitled, inter alia, to receive up to $5,000 in damages for such violations.

134.    To the extent Defendants WN, WNSTL,  Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe and its employees, vendors and/or agents

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

and other unknown telemarketers on their behalf misconduct is determined to be willful and knowing, the Court should, pursuant to Mo. Rev. Stat. § 407.1076 treble the amount of statutory damages recoverable by the members of the Class in the amount of $5,000.00 per call.

135.    Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff is therefore entitled to an award of attorneys' fees for bringing this action.

WHEREFORE, Plaintiff prays that the Court enter judgment and orders in his favor and against Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe and its employees, vendors and/or agents and other unknown telemarketers on their behalf as follows:

a.    An order certifying the classes, directing that this case proceed as a class action, and appointing Plaintiff and her counsel to represent the classes.

b.    Judgment against Defendants WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe and its employees, vendors and/or agents and other unknown telemarketers on their behalf, and in favor of Plaintiff and the other class members in the amount of $5,000 per violation of Mo. Rev. Stat. § 407.1076 as proven at trial, and $5,000.00 per call as treble damages or $240,000.00;

c.    Equitable and injunctive relief, including injunctions enjoining further violations of Mo. Rev. Stat. § 407.1001 et seq;

d.    An order granting costs and attorneys' fees; and

e.    Such other and further relief as this Court may deem appropriate.

**COUNT V**
**Defendants' Direct or Vicarious Liability**

41

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

**COMES NOW**, Plaintiff and for his fourth cause of action against Defendant's WN, WNSTL, Magden, H.Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe and its employees, vendors and/or agents and other unknown telemarketers on their behalf, states:

136.    Plaintiff reasserts and incorporates fully herein by reference each of the above paragraphs as though fully set forth herein.

137.    For 25 years now, the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the TeL Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

138.    In 2013 the FCC explained again in detail that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

139.    The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were *judgment proof, unidentifiable, or located outside the United States, as is often the case.* Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of `independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

140.    The FCC has rejected a narrow view of TCPA liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

141.    A direct connection exists between all Defendants herein and the calls complained of by Plaintiff because the calls were directly made on behalf of Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe and its employees, vendors and/or agents, so they could all profit from a common enterprise in which they all substantially participated.

142.    "As the FTC has explained in its Compliance Guide, `taking deliberate steps to ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy to avoid liability.'" *FTC v. Chapman,* 714 F.3d 1211, 1216-1219 (l0th Cir. 2013).

143.    Defendants WN, WNSTL,  Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe and its employees, vendors and/or agents, and their independent contracting agents are directly liable and responsible for the phone calls at issue because Defendant's WN, WNSTL,  Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A.Doe and its employees, vendors and/or agents  actually made or initiated the calls to Plaintiffs or they substantially participated.

144.    Defendants WN, WNSTL, Magden, H. Magden, Beck, Tusi, and Apoldo are vicariously liable for the calls complained of by Plaintiff herein because they:

a)    authorized or caused Defendant's T. Doe, M. Doe, Malcolm Doe, and A. Doe to initiate the phone calls or initiated the calls and texts themselves;

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

b)      directly or indirectly controlled the persons who actually made or initiated the calls;

c)      allowed the telemarketers and independent agents access to information and operating systems within Defendants' control for the purpose of selling goods and services, without which they would not be able to sell their services using robocalling and direct dialing;

d)      allowed the telemarketers and independent contracting agents to enter or provide consumer information into Defendants' sales or operational systems;

e)      approved, wrote, reviewed, or participated in developing the telemarketing sales scripts.

f)      Defendant's WN, WNSTL, Magden, H. Magden, Beck, Tusi, and Apoldo reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance; or

g)      Defendants WN, WNSTL,  Magden, H. Magden, Beck, Tusi and Apoldo gave substantial assistance or support to T. Doe, M. Doe, Malcolm Doe, and A. Doe and each other while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact that John and Jane Does were engaged in acts or practices that violated the MDNC, TCPA, and/or the MMPA.

145.    Defendants WN, WNSTL,  Magden, H.Magden, Beck, Tusi and Apoldo gave substantial assistance or support to T. Doe, M. Doe, Malcolm Doe, and A. Doe co-conspirators and the John and Jane Does apparently had authority to engage in the autodialing, texting and

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

robocalling at issue herein because after Plaintiff patiently listened to the scripted sales pitch the Defendants al profited from each and every sale.

146.     Defendants WN, WNSTL,  Magden, H. Magden, Beck, Tusi and Apoldo gave substantial assistance or support to T. Doe, M. Doe, Malcolm Doe, and A. Doe ratified the robocalls and texts to Plaintiff described above because they accepted and intended the benefits to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were robocalling and automated texting cell phones and phone numbers listed on the Federal and Missouri State Registry without complying with the Registries and without prior express written consent of the robocalled, called, and texted consumers.

**WHEREFORE**, Plaintiff prays for entry of judgment against Defendants WN, WNSTL, Magden, H. Magden, Beck, Tusi, Apoldo, T. Doe, M. Doe, Malcolm Doe, and A. Doe and their independent contracting agents for his statutory, actual and/or treble damages sufficient in size to set an example and deter in the future the conduct complained of by Defendants or others. Plaintiff prays for such other and further relief as the court finds proper. Plaintiff requests an award of his attorney fees and costs.

Respectfully submitted,

/s/Edwin V. Butler, Esquire
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff

Electronically Filed - St Louis County - March 08, 2023 - 07:18 AM

<u>Certificate of Service</u>

      I hereby certify that the above and foregoing Answer was served electronically this 3rd day of March 2023, via ECF/CM. This document was also scanned for viruses using Windows Defender 2022 and is free of viruses and malware.

<u>/s/Edwin V. Butler</u>
Edwin V. Butler